Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| ASOCIACIÓN DE RESIDENTES DE URBANIZACIÓN VISTA REAL DE YAUCO, INC.<br><br>APELANTE<br><br>v.<br><br>WILLER VÉLEZ QUIÑONES; MELANIE FRANCESKA LÓPEZ TORRES<br><br>APELADOS | TA2026AP00298 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm. PO2025CV03523<br><br>Sobre: Interdicto Preliminar y Permanente; Sentencia Declaratoria; Cobro de Dinero (Servidumbres en Equidad) |

Panel integrado por su presidenta, la Juez Lebrón Nieves, el Juez, Pagán Ocasio y la Jueza Álvarez Esnard.

Pagán Ocasio, juez ponente.

# SENTENCIA

En San Juan, Puerto Rico, a 22 de mayo de 2026.

## I.

El 23 de marzo de 2026, la Asociación de Residentes de la Urbanización Vista Real de Yauco, Inc. (Asociación de Residentes o parte apelante) presentó una *Apelación* en la que nos solicitó que revoquemos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce (TPI o foro primario), el 20 de febrero de 2026, notificada y archivada digitalmente en autos el mismo día.[1] Mediante dicho dictamen, el TPI declaró No Ha Lugar la segunda causa de acción de la demanda sobre costas, gastos y honorarios de abogado relacionados con el caso **YU2023CV00068**, bajo el fundamento de falta de jurisdicción. Respecto a la primera causa de acción, hizo constar que las partes llegaron a un acuerdo para disponer de la misma.

---

[1] Véase entrada núm. 31 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC-TPI).

El 24 de marzo de 2026, emitimos una *Resolución* en la que le concedimos a la parte apelada hasta el 22 de abril de 2026 para presentar su alegato en oposición al recurso.[2]

En cumplimiento de orden, el 22 de abril de 2026, el señor Willer Vélez Quiñones y la señora Melanie Francheska López Torres (parte apelada) presentaron un *Alegato de la parte apelada.*[3]

Con el beneficio de la comparecencia de las partes, damos por perfeccionado el recurso y procederemos a discutir los hechos pertinentes a la controversia ante nuestra consideración.

**II.**

El caso de marras tuvo su génesis el 9 de diciembre de 2025, cuando la Asociación de Residentes presentó una Demanda en contra de la parte apelada sobre cobro de dinero, interdicto preliminar y permanente y sentencia declaratoria.[4] De entrada, alegó que todos los solares de la Urbanización Vista Real de Yauco (Urbanización) están gravados con condiciones restrictivas y servidumbres de equidad. Adujo que, según consta en la Escritura Núm. 130 de 22 de diciembre de 2005 (Escritura Núm. 130), ante el notario público Juan De Jesús Vélez Rodríguez, dichas condiciones restrictivas son obligatorias para todos los propietarios y residentes, en cumplimiento con las restricciones de uso y edificación para el beneficio de las residencias, las áreas comunes, los solares, facilidades y terrenos en general que componen la Urbanización.

En particular, indicó que la parte apelada adquirió el Solar Núm. 1 en la extensión de la Urbanización, según consta en la Escritura Núm. 20 de 9 de julio de 2021, ante la notario público Aurea Camacho Padrón. Aludió a que, mediante dicha escritura, las partes aceptaron recibir copia de la Escritura Núm. 130 sobre

---

[2] Véase entrada núm. 2 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC-TA).
[3] Íd., entrada núm. 3.
[4] Véase entrada núm. 1 del expediente digital del caso en el SUMAC-TPI.

condiciones restrictivas, quedando enterados y conformes con el contenido, acuerdos y sus consecuencias jurídicas. Así las cosas, la Asociación de Residentes arguyó que la parte apelada le adeuda pagos en concepto de cuotas de mantenimiento para la administración, conservación, reparación y uso de los elementos comunes y que, a pesar de las gestiones extrajudiciales para promover el pago de lo adeudado, estas han resultado infructuosas.

De otro lado, la parte apelante señaló que presentó una demanda de interdicto preliminar y permanente y sentencia declaratoria en contra de la parte apelada en otro caso, **YU2023CV00068**, por violación a las condiciones restrictivas provistas por la Escritura Núm. 130. Indicó que, el Tribunal declaró Ha Lugar la demanda y que dicha *Sentencia* advino final y firme. Adujo que, el proceso post sentencia continúa en trámite, lo cual ha ocasionado que la Asociación de Residentes incurra en gastos y honorarios de abogado. Ante esa situación, sostuvo que la parte apelada le adeuda aquellos gastos, costas y honorarios de abogado incurridos en promover el cumplimiento con el pago de las cuotas de mantenimiento y de aquellos gastos, costas y honorarios de abogado incurridos en promover la acción de interdicto, incluyendo la defensa en dos (2) recursos de apelación.

Por todo lo anterior, suplicó al TPI que ordenara el pago de la deuda por concepto de cuotas de mantenimiento, incluyendo los intereses y recargos y el pago de la suma incurrida en concepto de gastos, costas y honorarios de abogado por promover la demanda en el caso **YU2023CV00068**. También, los gastos, costas y honorarios de abogados pactados, necesariamente incurridos en promover la acción de epígrafe, **PO2025CV03523**.

El 30 de diciembre de 2025, la parte apelada presentó una *Contestación a la demanda.*[5] Dicha parte admitió que le adeuda a la Asociación de Residentes una cantidad por concepto de cuotas de mantenimiento más negó la cuantía reclamada, así como el resto de las alegaciones incoadas en su contra. Asimismo, negó que se justifique que el trámite de las causas de acción de la demanda sea bajo un procedimiento de *injunction* ni de sentencia declaratoria.

Tras varios trámites procesales, innecesarios pormenorizar, el 20 de febrero de 2026, el TPI dictó una *Sentencia.*[6] Primeramente, hizo constar que durante la vista que se celebró el 7 de enero de 2026, para atender la solicitud de *injunction* preliminar y permanente,[7] las partes llegaron a un acuerdo respecto a la deuda por concepto de cuotas de mantenimiento reclamadas en la primera causa de acción y que el Tribunal le concedió a la parte apelante las costas y gastos incurridos en el pleito y una suma de $1,200.00 dólares en concepto de honorarios de abogado.

Ahora bien, resolvió que no poseía jurisdicción para conceder las costas, gastos y honorarios de abogado incurridos en promover la acción de *injunction* en el caso **YU2023CV00068**, cuya sentencia se dictó el 22 de agosto de 2023. Señaló que, en dicho caso, la propia Asociación de Residentes reclamó su derecho como parte victoriosa a recobrar las costas y gastos incurridos en la defensa de dicha acción. Incluso, aludió a que, el TPI dictó *Resolución,* la cual ya es final y firme, en la que declaró Ha Lugar el memorando de costas presentado por la Asociación de Residentes en dicho caso. Por ello, determinó que, las costas y honorarios de abogado incurridos por la parte apelante para promover el caso **YU2023CV00068** fueron atendidos en dicho caso y la determinación constituye cosa juzgada.

---

[5] Íd., entrada núm. 15.
[6] Íd., entrada núm. 31.
[7] Íd., entrada núm. 26. Véase, *Minuta* de la vista celebrada el 7 de enero de 2026.

De tal manera, concluyó que estaba impedido de atender la reclamación de la segunda causa de acción en el caso de epígrafe y la declaró No Ha Lugar. Respecto a la solicitud de interdicto preliminar y permanente, hizo constar que declaró la No Ha Lugar en corte abierta.

Oportunamente, el 9 de marzo de 2026, la parte apelante presentó una *Moción de Reconsideración.*[8] Insistió en que el resarcimiento y pago de los gastos y honorarios de abogado incurridos en promover su defensa ante el Tribunal de Apelaciones y los procedimientos post sentencia no constituye cosa juzgada. Por lo cual, suplicó al TPI que reconsidere su sentencia y determine que tiene jurisdicción.

El 10 de marzo de 2026, el TPI emitió una *Orden* en la que declaró No Ha Lugar la moción de reconsideración.[9]

Inconforme, el 23 de marzo de 2026, la Asociación de Residentes presentó el recurso de Apelación de epígrafe en el que formuló los siguientes señalamientos de error:

**PRIMER ERROR: ERRÓ EL TPI EN LA APLICACIÓN DEL DERECHO EN CUANTO A LA PROCEDENCIA DEL MECANISMO DE INJUNCTION EN EL PRESENTE CASO, TRATÁNDOSE DE UNA ACCION POR VIOLACION A SERVIDUMBRES EN EQUIDAD**

**SEGUNDO ERROR: ERRÓ EL TPI AL DETERMINAR QUE NO TIENE JURISDICCIÓN PARA RESOLVER RECLAMOS CONTRACTUALES QUE NACEN DE SERVIDUMBRES EN EQUIDAD, ESTABLECIENDO QUE EL ASUNTO ES COSA JUZGADA**

Es su contención, que la parte apelada debe resarcir y pagar las costas, gastos y honorarios de abogado incurridos por la parte apelante al promover la acción del caso **YU2023CV00068**. Alegó que el TPI incidió al denegar que la acción se ventile mediante el recurso

---

[8] Íd., entrada núm. 32.
[9] Íd., entrada núm. 33.

extraordinario de *injunction,* dado que se ha establecido que aplica en los casos en que se vindica la violación a servidumbres en equidad. Aludió a que, el Tribunal Supremo ha resuelto que no es necesario probar daños reales o perjuicios sustanciales en los casos en que se vindican las disposiciones de una servidumbre en equidad mediante *injunction,* sino que sólo se debe probar la violación a la restricción. Por ello, sostuvo que, como demostró que la parte apelada se encuentra en violación a las restricciones de pago y resarcimiento, le asiste el derecho a la parte apelante al remedio interdictal.

De otra parte, sostuvo que, contrario a lo resuelto por el TPI, no existe la identidad de causas entre el caso anterior y el actual. Adujo que, en el caso de epígrafe, suplicó al Tribunal que ordenara el resarcimiento y pago de lo ya concedido, como aquellos gastos incurridos con posterioridad a que se dictara Sentencia, por haber prevalecido en estos. Arguyó que el resarcimiento y pago que reclama es de naturaleza contractual cuya base legal surge de las servidumbres en equidad constituidas mediante la Escritura Núm. 130. Asimismo, adujo que la causa de acción en este caso nace como consecuencia del otro caso previo. Argumentó que, no tuvo la oportunidad de requerir el cumplimiento del resarcimiento y pago de las costas, gastos y honorarios de abogado con anterioridad, por lo que el TPI incidió al concluir que no tenía jurisdicción para atender la controversia. Insistió en que, los gastos y honorarios de abogado incurridos por la parte apelante son resarcibles y recobrables de forma contractual, bajo los términos de la Escritura Núm. 130.

La parte apelada presentó su oposición al recurso. Arguyó que en este caso no están presentes las condiciones estrictas y excepcionales por las cuales procede expedir un *injunction.* Adujo que la parte apelante no demostró que exista un daño inmediato e

irreparable que lo justifique. Sostuvo que el TPI actuó correctamente al determinar que el recurso extraordinario de *injunction* no procede para adjudicar controversias contractuales de cobro de dinero que no afectan el uso o la configuración física de la propiedad.

De otra parte, manifestó que la parte apelante pretende cobrar en un nuevo pleito los honorarios que no fueron adjudicados o que ya fueron objeto de determinación en el caso **YU2023CV00068**. Asimismo, adujo que, el reclamo de honorarios post sentencia por la parte apelante carece de base jurídica toda vez que la sentencia no los contempla expresamente, ni se ha hecho determinación adicional de temeridad respecto a la conducta posterior.

En fin, la parte apelada sostuvo que el TPI no incidió al concluir que no tenía jurisdicción para conceder el remedio contractual solicitado por la parte apelante.

**III.**

**A.**

La jurisdicción ha sido definida como "el poder o autoridad de un tribunal para considerar y decidir casos y controversias". ***FCPR v. ELA et al.***, 211 DPR 521, 529 (2023); ***Cobra Acquisitions v. Mun. Yabucoa et al.***, 210 DPR 384, 394 (2022). Reiteradamente, nuestro Tribunal Supremo ha expresado que los tribunales tienen siempre la obligación de ser celosos guardianes de su propia jurisdicción, toda vez que sin jurisdicción no están autorizados a entrar a resolver los méritos de un recurso. ***FCPR v. ELA et al.***, pág. 530. En consecuencia, los asuntos de jurisdicción son materia privilegiada y deben ser resueltos con preferencia. Íd. Así, cuando un tribunal no tiene autoridad para atender el recurso, solo tiene jurisdicción para así declararlo y desestimar el caso sin entrar en los méritos de la controversia. ***Mun. de San Sebastián v. QMC Telecom,*** 190 DPR 652, 660 (2014).

**B.**

Una sentencia que adviene final y firme constituye cosa juzgada no solo en cuanto a todo lo que se alegó y se admitió en torno a la reclamación, sino también, en cuanto a todo asunto que pudo haberse planteado, siempre y cuando haya tenido la parte la oportunidad justa de ser oída. *Comisión de los Puertos de Mayagüez v. González Freyre*, 211 DPR 579 (2023) (citando a *Marrero Rosado v. Marrero Rosado*, 178 DPR 476 (2010)). De igual modo, como general, un acuerdo tiene el efecto de cosa juzgada entre las partes. *Díaz Rodríguez v. García Neris*, 208 DPR 706 (2022).

Ahora bien, la defensa de cosa juzgada no opera de manera automática. No debe aplicarse inflexiblemente, en particular, cuando al hacerlo se desvirtúan los fines de la justicia, produce resultados absurdos o cuando se plantean consideraciones de interés público. *Meléndez v. García*, 158 DPR 77 (2002); *Pagán Hernández v. U.P.R.*, 107 DPR 720 (1978). Su presunción se activa cuando concurre la perfecta identidad de causa, cosas, partes y calidad en que lo fueron en un pleito anterior. *Ortiz Matías v. Mora Development*, 187 DPR 649 (2013). En ese sentido, el requisito de causa existe cuando los hechos y los fundamentos de las peticiones son idénticos en torno a la cuestión planteada. *Presidential v. Transcaribe*, 186 DPR 263 (2012). Al determinar si media identidad de causa de acción es necesario evaluar si ambas reclamaciones surgen de la misma transacción o núcleo de hechos. Íd. En cuanto a cosa, se refiere al objeto o la materia sobre la cual se ejercita la acción, aunque haya disminuido o alterado. Íd. En este contexto, las partes significan quienes intervienen en el proceso, a nombre y en interés propio, y quienes resultarían directamente afectados por la excepción de la cosa juzgada. Íd.

En armonía con lo anterior, la referida doctrina abarca la modalidad de impedimento colateral. El Tribunal Supremo de Puerto Rico establece que el impedimento colateral por sentencia "surte efecto cuando un hecho esencial para el pronunciamiento de una sentencia se dilucida y determina mediante sentencia válida y final". ***Bacardí Corporation v. Torres Arroyo***, 202 DPR 1014, 1025 (2019); ***A & P Gen. Contractors v. Asoc. Caná***, 110 DPR 753, 762 (1981). Esta vertiente no requiere el cumplimiento de identidad de causa. ***Beníquez v. Vargas***, 184 DPR 210 (2012). No obstante, no procede su aplicación cuando: (1) la parte no ha tenido la oportunidad de litigar previamente el asunto, o (2) pudiendo haber litigado el asunto en la primera acción, éste no fue litigado o adjudicado en el pleito anterior o (3) cuando ese litigante no ha resultado ser la parte perdidosa en el pleito anterior. ***Beníquez v. Vargas***, supra.

### C.

La Regla 44 de Procedimiento Civil, 32 LPRA Ap. V, R. 44, establece las normativas que rigen la concesión de costas y honorarios de abogado, así como el interés legal aplicable a estas. En concreto, la Regla 44.1 (a), *supra*, R. 44.1(a), define las costas, disponiendo que estas comprenderán "los gastos en que se incurra necesariamente en la tramitación de un pleito o procedimiento que la ley ordena o que el tribunal, en su discreción, estima que una parte litigante debe reembolsar a otra".

Entretanto, la Regla 44.1 (d), *supra*, R. 44.1(d), rige los honorarios de abogado, prescribiendo lo siguiente:

> (a) Su concesión. Las costas se concederán a la parte a cuyo favor se resuelva el pleito o se dicte sentencia en apelación o revisión, excepto en aquellos casos en que se disponga lo contrario por ley o por estas reglas. Las costas que podrá conceder el tribunal son los gastos en que se incurra necesariamente en la tramitación de un pleito o

procedimiento que la ley ordena o que el tribunal, en su discreción, estima que una parte litigante debe reembolsar a otra.

(b) Cómo se concederán. La parte que reclame el pago de costas presentará al tribunal y notificará a la parte contraria, dentro del término de diez (10) días contados a partir del archivo en autos de copia de la notificación de la sentencia, una relación o memorándum de todas las partidas de gastos y desembolsos necesarios en que se incurrió durante la tramitación del pleito o procedimiento. El memorándum de costas se presentará bajo juramento de parte o mediante una certificación del abogado o de la abogada, y consignará que, según el entender de la parte reclamante o de su abogado o abogada, las partidas de gastos incluidas son correctas y que todos los desembolsos eran necesarios para la tramitación del pleito o procedimiento. Si no hubiese impugnación, el tribunal aprobará el memorándum de costas y podrá eliminar cualquier partida que considere improcedente, luego de conceder a la parte solicitante la oportunidad de justificarlas. Cualquier parte que no esté conforme con las costas reclamadas podrá impugnarlas en todo o en parte, dentro del término de diez (10) días contados a partir de aquel en que se le notifique el memorándum de costas. El tribunal, luego de considerar la posición de las partes, resolverá la impugnación. La resolución del Tribunal de Primera Instancia podrá ser revisada por el Tribunal de Apelaciones mediante el recurso de *certiorari*. De haberse instado un recurso contra la sentencia, la Reglas de Procedimiento Civil de Puerto Rico 71 revisión de la resolución sobre costas deberá consolidarse con dicho recurso

(c) En etapa apelativa. La parte a cuyo favor un tribunal apelativo dicte sentencia presentará en la sala del Tribunal de Primera Instancia que decidió el caso inicialmente y notificará a la parte contraria, dentro del término jurisdiccional de diez (10) días contados a partir de la devolución del mandato y conforme a los criterios establecidos en el inciso (b) anterior, una relación o memorándum de todas las partidas de gastos y desembolsos necesarios en que se haya incurrido para la tramitación del recurso en el Tribunal de Apelaciones y en el Tribunal Supremo, según corresponda. El memorándum de costas se presentará bajo juramento de parte o mediante certificación del abogado o de la abogada, y su impugnación se formulará

y resolverá en la misma forma prescrita en la Regla 44.1(b). La resolución que emita el Tribunal de Primera Instancia podrá revisarse según se dispone en el inciso (b). La resolución que emita el Tribunal de Apelaciones podrá revisarse mediante *certiorari* ante el Tribunal Supremo. Cuando se revoque la sentencia del Tribunal de Primera Instancia, la parte a cuyo favor se dicte la sentencia presentará un memorándum de costas en conformidad con el procedimiento y el término establecido en este inciso e incluirá los gastos y desembolsos en que se haya incurrido tanto en el Tribunal de Apelaciones como en el Tribunal Supremo.

(d) *Honorarios de abogado.* En caso que cualquier parte o su abogado o abogada haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al o a la responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda correspondan a tal conducta. En caso que el Estado Libre Asociado de Puerto Rico, sus municipios, agencias o dependencias haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia una suma por concepto de honorarios de abogado, excepto en los casos en que esté expresamente exento por ley del pago de honorarios de abogado.

La imposición de costas es mandatoria, una vez la parte victoriosa las reclama. ***Maderas Tratadas v. Sun Alliance et al.,*** 185 DPR 880 (2012). Sin embargo, su concesión no es automática ya que tiene que presentarse oportunamente un memorando de costas en la que se detallen los gastos incurridos. ***Rosario Domínguez et als. v. ELA et al.,*** 198 DPR 197, 211 (2017). Cabe señalar, que el tribunal tiene amplia discreción para evaluar la razonabilidad de los gastos solicitados y determinar la necesidad de los mismos. Íd. La parte prevaleciente en un pleito tiene un término jurisdiccional de diez (10) días para presentar el memorando de costas ante el foro primario. ***Rosario Domínguez et als. v. ELA et al.,*** supra*,* pág. 213. "[E]ste plazo es improrrogable y su cumplimiento tardío priva al tribunal de autoridad para considerar y aprobar las costas reclamadas." Íd. Por lo tanto, ante

la presentación oportuna de un memorando de costas juramentado, "el tribunal tendrá que determinar: cuál fue la parte que prevaleció en el pleito, y cuáles de los gastos en los que esta incurrió fueron necesarios y razonables". ***Class Fernández v. Metro Health Care Management System, Inc.***, 214 DPR 348, 362 (2024). Dicha determinación descansa en la sana discreción del tribunal. ***Maderas Tratadas v. Sun Alliance***, 185 DPR 880, 935 (2012).

### D.

La servidumbre en equidad consiste en varias restricciones y condiciones que limitan el uso de los terrenos, operan en beneficio de los presentes y futuros propietarios. ***Residentes Parkville v. Díaz***, 159 DPR 374, 382 (2003). Para su validez y eficacia, se requiere que las limitaciones sean razonables, se establezcan como parte de un plan general de mejoras, consten de forma específica en el título de la propiedad y que se inscriban en el Registro de la Propiedad. Íd.

Para hacer efectivos sus derechos e impedir las violaciones a las limitaciones impuestas, los dueños de predios sujetos a servidumbres en equidad tienen disponible el recurso de *injunction*. ***Asoc. V. Villa Caparra v. Iglesia Católica***, 117 DPR 346, 353–54, (1986); ***Glines et al. v. Matta et al.***, 19 DPR 409 (1913). Contra este, el promovido puede oponer todas las defensas que le otorguen los principios de equidad: (1) consentimiento (*acquiescence*); (2) conciencia impura (*unclean hands*); (3) incuria (*laches*); (4) impedimento (*estoppel*). ***Asoc. V. Villa Caparra v. Iglesia Católica***, supra, págs. 353–354.

### IV.

En este caso, la parte apelante alega que, como prevaleció en los méritos en el caso **YU2023CV00068**, conforme a los términos y condiciones de las servidumbres en equidad de la Urbanización,

procede el resarcimiento y pago a su favor de las costas, gastos y honorarios de abogado incurridos en la tramitación de dicho pleito. Además, arguye que le asiste derecho al remedio interdictal respecto a la primera y segunda causa de acción de la demanda.

En su oposición al recurso, la parte apelada sostiene que en ambos casos concurre la identidad de partes y que el reclamo de este caso surge de los mismos hechos medulares y persigue el mismo remedio sustantivo ya resuelto por el pleito anterior. Argumenta que, vindicar una servidumbre en equidad mediante un *injunction* procura obligar al cumplimiento del contrato de carácter real, más no se extiende a lo accesorio, como una acción de cobro de dinero, que es de carácter personal. Arguye que la parte apelante pretende obtener una compensación económica y no proteger la integridad de una servidumbre como derecho real.

Respecto a la primera causa de acción, el cobro por concepto de cuotas de mantenimiento, el TPI hizo constar que las partes llegaron a un acuerdo, no obstante, le concedió a la parte apelante las costas, gastos y una suma de $1,200.00 dólares en concepto de honorarios de abogado, en relación a dicha causa de acción.

Respecto a la segunda causa de acción, el cobro por concepto de costas, gastos y honorarios de abogados incurridos en el caso previo litigado y resuelto entre las partes, el TPI resolvió que no tenía jurisdicción para atender dicha solicitud, al haber sido resuelto en el pleito **YU2023CV00068**. El foro primario hizo constar que ello fue atendido en ese caso y la determinación constituye cosa juzgada por lo que está impedido de atender lo que ya fue adjudicado previamente. En dicho pleito, de conformidad con el inciso Décimo Tercero de la Escritura Núm. 130, el foro sentenciador les impuso a los apelados el resarcimiento y pago de todos los gastos, costas y la suma de $2,000.00 en concepto de honorarios de abogado

incurridos por la Asociación en promover dicha acción y aprobó el memorando de costas. Dicha determinación advino final y firme.

Tras un análisis objetivo, sereno y cuidadoso del expediente, a tenor con la sentencia emitida en el pleito **YU2023CV00068**, sobre la cual se invoca el resarcimiento de la concesión de costas, gastos y honorarios de abogado incurridos en promover dicho pleito, resulta forzoso concluir que el TPI <u>no</u> tiene jurisdicción para atender dicha petición. En ese caso, el TPI concedió lo solicitado por la Asociación, de conformidad con la Escritura Núm. 130. Por lo que, cualquier reclamo respecto a su cobro debió presentarse ante ese caso. Por lo cual, tal como resolvió el TPI, procede la desestimación de la segunda causa de acción por falta de jurisdicción.

En cuanto al primer señalamiento de error, tras resolver que el TPI no tiene jurisdicción sobre el reclamo de la Asociación en cuanto al caso **YU2023CV00068** y toda vez que la naturaleza del caso de epígrafe resulta ser un cobro de dinero de cuantías ya concedidas y no una acción para impedir violaciones a servidumbres en equidad, se hace innecesario revisar si el caso debió atenderse mediante el recurso extraordinario de *injuction*.

A la luz de lo anterior, resulta preciso concluir que el TPI no incidió en los errores señalados. Por tal razón, procede *confirmar* la *Sentencia* recurrida.

**V.**

Por los fundamentos pormenorizados, se confirma la *Sentencia* apeada.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones